IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
NOSSON WEISSMAN                              :
on behalf of plaintiff and a class,          :
                                             :
                   Plaintiff,                :
                                             :   Case No. 17-cv-4402
          vs.                                :
                                             :
COLLECTO, INC., d/b/a EOS CCA,               :
                                             :
                   Defendant.                :
---------------------------------------------------------x
```

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Nosson Weissman brings this action to secure redress for unlawful collection activity of defendant Collecto, Inc., d/b/a EOS CCA, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331and 1337 and 15 U.S.C. §1692k.

8. Personal jurisdiction and venue are proper because defendant's conduct impacted plaintiff in this District.

## PARTIES

9. Plaintiff Nosson Weissman is a resident of Brooklyn, New York.

10. Defendant Collecto, Inc., d/b/a EOS CCA is a corporation chartered under the law of Massachusetts with its principal place of business at 700 Longwater Drive, Norwell, Massachusetts 02061. It does business in New York.

11. Defendant Collecto, Inc., d/b/a EOS CCA is engaged in the business of using the mails and telephone system to collect consumer debts originally owed to others.

12. Defendant Collecto, Inc., d/b/a EOS CCA states on its web site: "EOS CCA was originally founded as Collection Company of America in 1991 and has specialized in receivables collection since then. [¶] From the early days when EOS CCA provided basic collection services, the company has developed into a premier agency for all stages of receivables collection management. [¶] In 2001, EOS CCA became the U.S. arm of the EOS Group, a world-wide accounts receivables collection and financial services provider. CCA was renamed EOS CCA in 2009. . . ." (http://www.eos-cca.com/Resources/About-EOS-CCA.aspx)

13. Collecto, Inc., d/b/a EOS CCA uses the mails and telephone system in connection with its business.

14. Defendant Collecto, Inc., d/b/a EOS CCA is a debt collector as defined in the

FDCPA

**FACTS**

15.     Defendant has been attempting to collect from plaintiff an alleged cell phone debt incurred, if at all, for personal, family or household purposes and not for business purposes.

16.     On or about June 2, 2017, defendant sent plaintiff the letter attached as Exhibit A.

17.     Exhibit A is the first letter plaintiff received from defendant regarding the debt described therein.

18.     On information and belief, based on its contents, Exhibit A was the first letter defendant sent to plaintiff regarding the debt described therein.

19.     On information and belief, Exhibit A is a form letter intended for use by defendant as the initial letter it sends to a consumer regarding the debt described therein.

20.     Exhibit A contains the "notice of debt" required by 15 U.S.C. §1692g on the reverse.

21.     The front of Exhibit A directs the recipient to send all correspondence other than payment to the creditor, not Collecto, Inc.: "If mailing your payment, please detach the coupon below and mail it with your payment to the address on the coupon.  Please send all other correspondence to T-MOBILE USA, PO BOX 742596, CINCINNATI, OH 45274-2596."

22.     Directing the consumer to send disputes to the creditor rather than the debt collector violates §1692g.  *Blair v. Collectech Systems, Inc.*, 97cv8630, 1998 WL 214705 (N.D. Ill. April 24, 1998); *Macarz v. Transworld Systems,* 26 F.Supp. 2d 368 (D.Conn. 1998). Contacting the creditor does not preserve the consumer's legal rights.  It is also misleading in violation of 15 U.S.C. §§1692e and 1692e(10).

23.     As a result, plaintiff was deprived of information defendant was required to provide by law.

## COUNT I – FDCPA

24. Plaintiff incorporates paragraphs 1-23.

25. Defendant violated 15 U.S.C. §§1692g, 1692e and 1692e(10), by directing all correspondence other than payment to the creditor.

26. Section 1692g provides:

> § 1692g.  Validation of debts
>
> (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
>> (1) the amount of the debt;
>>
>> (2)  the name of the creditor to whom the debt is owed;
>>
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section. (Emphasis added)

27. Section 1692e provides:

§1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

28. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons in New York (b) who, on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action, (c) were sent an initial collection letter by defendant (d) in the form represented by Exhibit A.

29. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the use of a form letter sent by a large collection letter on behalf of a large creditor, that there are more than 40 members of the class.

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common question is whether defendant's form letter violates the FDCPA.

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages of $500,000 or 1% of defendant's net worth, whichever is less;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 374-2118
(516) 544-8878 (FAX)
lkatz@lawkatz.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy<br>Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34176\Pleading\Complaint_Pleading.wpd