IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOSSON WEISSMAN, on behalf of plaintiff and a class,<br><br>      Plaintiff,<br><br>vs.<br><br>COLLECTO, INC., d/b/a EOS CCA,<br><br>      Defendant. | Case No. 1:17-cv-4402-PKC-LB |

## PRELIMINARY APPROVAL MOTION

Plaintiff Nosson Weissman (the "Plaintiff" or "Class Representative"), and the Defendant Collecto, Inc. d/b/a EOS CCA ("Defendant") (Plaintiff and Defendant are collectively referred to as (the "Parties")), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) preliminarily approving the proposed Settlement Agreement; (2) directing notice to the Class; (3) setting a date for Class Counsel's fee petition; and (4) setting dates for claim form submission, opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Parties state:

1. This action was brought by Plaintiff Nosson Weissman on his own behalf and on behalf of all other persons similarly situated to Plaintiff.

2. Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendants Collecto, Inc., in connection with an initial collection letter that Defendant sent to Plaintiff and the Class Members, which Plaintiff alleged violated 15 U.S.C. §1692g and §1692e by directing the recipient to send all correspondence other than payment to T-Mobile, and not Collecto. On January 17, 2019 this Court partially denied defendant's motion

for summary judgment, held that defendant violated 15 U.S.C. §1692g of the FDCPA and granted summary judgment in favor of plaintiff and the class.

3. Counsel for Plaintiff and Counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in taking the case to trial.

4. Based upon this review and analysis, counsel for Plaintiff and counsel for Defendant embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit A.

5. Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23.

6. On January 17, 2019 the Court certified a class defined as (a) all persons in the State of New York who (b) on or after July 25, 2016 and on or before August 15, 2017 (c) were sent an initial collection letter by Collecto, Inc. in the form of Exhibit A to Plaintiff's Complaint. The class consists of approximately 35,630 persons.

7. On January 17, 2019 this Court determined that the class met the following requirements:

    a. The Class is sufficiently numerous such that joinder of all members is impracticable. (the class consists of 35,630 individuals).

    b. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

    c. The Class Representative's claims are typical to those of the Class Members.

      d.      The Class Representative and his counsel are adequate representatives for the Class.

      e.      Resolution of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

8.    Under the terms of the Class Action Settlement Agreement and subject to court approval:

      a.      Defendants agree to establish a class settlement fund in the amount of $295,000.00 for purpose of satisfying the claims of the Class. Each class member who returns a timely claim form and does not opt out shall receive a pro rata share of the class settlement fund. However no class member shall receive a recovery in excess of $500.00;

      b.      Defendant agrees to pay Class Representative, Nosson Weissman, $5,000.00 for her actual and statutory damages, and for her service as class representative,

      c.      Defendant agrees to pay the costs of class notice and administration,

      d.      Class Counsel shall petition the Court for an award of attorneys' fees and costs of not more than One Hundred and Fifty Thousand dollars ($150,000.00). Defendants agree to pay Class Counsel reasonable attorneys' fees and costs in accordance with the Court's decision on Class Counsel's fee petition. Class Counsel's attorney's fees and costs are to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

      e.      Defendant or Defendant's Counsel shall cause Notice to the Class to be mailed within 30 days after entry of the Preliminary Approval Order.

      f.      Defendant or Defendant's Counsel must cause to be mailed to the Class members, by first class mail: (1) the Class Notice and Claim Form, and (2) the settlement checks.

      g.      To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks must be paid over as a *cy pres* award to Class Counsel to be distributed to the Brooklyn Law School – Legal Clinic, 111 Livingston Street, 20th Floor, Brooklyn, New York 11201.

9. Counsel for Plaintiff and the Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the Class.

10. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

11. The Parties have agreed on the form of notice to be sent to each Class Member, attached as <u>Exhibit B</u>, via first class mail. The Parties have agreed that no further notice to the Class is required.

12. The Parties have agreed on the proposed Preliminary Approval Order and Final Approval Order, attached as <u>Exhibits C and D</u>, respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order: (1) preliminarily approving the proposed Class Settlement Agreement; (2) directing notice to be sent to the Class via first class mail; (3) setting a deadline for Class Counsel to file a petition for

attorney's fees and costs and (4) setting dates for claim form submissions, opt-outs, objections, submission of Class Counsel's fee petition and a hearing under Federal Rule of Civil Procedure 23(c)(2).

| | |
|---|---|
| Dated: Valley Stream, New York<br>September ___ 2019 | Dated: Philadelphia, Pennsylvania<br>September ___ 2019 |
| LAW OFFICES OF LAWRENCE KATZ | GORDON & REES SCULLY MANSUKHANI LLP |
| By: _____<br>     Lawrence Katz | By: _____<br>     Lawrence J. Bartel |
| <u>Attorneys for the Plaintiff</u>:<br>70 East Sunrise Highway<br>Valley Stream, New York 11581<br>(516)374-2118 | <u>Attorneys for the Defendant</u>:<br>Three Logan Square<br>1717 Arch Street<br>Suite 610<br>Philadelphia, PA 19103<br>(215) 717-4022 |
| EDELMAN COMBS LATTURNER<br>& GOODWIN, LLC | |
| By:_____<br>     Tiffany Hardy | |
| 20 South. Clark Street, Suite 1500<br>Chicago, IL  60603<br>(312) 739-4200 | |