IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

NOSSON WEISSMAN,
on behalf of plaintiff and a class,

                Plaintiff,

vs.

COLLECTO, INC., d/b/a EOS CCA,

                Defendant.

Case No. 1:17-cv-4402-PKC-LB

## PRELIMINARY APPROVAL ORDER

This matter comes before the Court on the joint request (the "Joint Motion") of Nosson Weissman, and a class of persons similarly situated (collectively "Plaintiff" or "Settlement Class Members"), and Defendant Collecto, Inc. ("Collecto" or "Defendant") for preliminary approval of the Class Action Settlement Agreement, dated September 20, 2019 (the "Agreement"). The Court has reviewed the Agreement and the exhibits attached to the Joint Motion, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. On January 17, 2019 this Court certified the following Class:

The Class is defined as (a) all persons in the State of New York who (b) on or after July 25, 2016 and on or before August 15, 2017 (c) were sent an initial collection letter by Collecto, Inc. in the form of Exhibit A to Plaintiff's Complaint.

The Class described above includes approximately 35,630 persons.

3. On January 17, 2019, this Court held that:

      (A) the class as defined was sufficiently numerous such that joinder is impracticable;

      (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and is whether the Debt Collection Notice that each class member received complies with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA");

      (C) the claims of Plaintiff, Nosson Weissman, are typical of the Class Members Claims;

      (D) Plaintiff Nosson Weissman is an appropriate and adequate representative for the Class and his attorneys, Edelman, Combs, Latturner and Goodwin, LLC, & the Law Offices of Lawrence Katz are hereby appointed as Class Counsel; and

      (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

4.     The Court finds that the proposed class action settlement is within the range of fairness and reasonableness and grants preliminary approval of the Settlement Agreement.

5.     If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

6.     A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on May 12, 2020, at 10:00 a.m.

7. The Court approves the proposed form of notice to the Class Members, to be directed to the last known address of the Class Members as shown on Defendant's records. Defendant or Defendant's Counsel shall cause the Settlement Administrator to mail notice to class members on or before January 13, 2020. The Settlement Administrator will have the notice sent by any form of bulk mail that provides address-forwarding mail to each address. It will re-mail any notice that is returned with a forwarding address within five (5) business days.

9. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and FED. R. CIV. P. 23(c)(2)(B).

10. Class members shall have 60 days from the mailing of class notices to submit a Claim Form to participate in the proposed settlement. If notice is mailed on January 13, 2020, Class members shall have until March 13, 2020 to submit a Claim Form. Class members shall have 45 days from the mailing of class notice to submit request exclusion, or object to the proposed settlement. Class members have until February 27, 2020 to submit a request for exclusion or an objection to the proposed settlement. Any Class member who desires to receive a share of the Class Settlement Fund must submit a Claim Form. Any class member who desires to exclude him or herself from the action must mail a request for exclusion to the Settlement Administrator by the deadline.

To be valid, a request for exclusion must be in writing, signed by the Class Member (or their authorized representative) who seeks exclusions, must be sent to the Settlement Administrator, and contain a written statement that must include: (1) the Class Member's name, address, and telephone number; and (2) the following statement: "I request to be excluded from

the settlement class in "Weissman v. Collecto, Inc." (a "Request for Exclusion"). Such Request for Exclusion must be received by the Settlement Administrator within forty-five (45) days after the Notice Date.

Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for Plaintiff and Defendant by that date. All objections must be in writing and personally signed by the Class Member and include: (1) the objector's name, address, and telephone number; (2) the name and number of the case: Weissman v. Collecto, Inc., United States District Court for the Eastern District of New York, Case No. 17-cv-04402-PKC-LB. The written objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court, and serve a copy on Settlement Class Counsel and Defendant's Counsel, no later than thirty (30) days before the Final Fairness Hearing. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law.

12. Class Counsel shall file its fee petition by January 20, 2020.

13. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), by February 3, 2020.

14. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class

Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

15. Any person may seek to be excluded from the Settlement. Any person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date (45 days after the Notice Date). To be effective, the request for exclusion must make clear that exclusion is sought by submitting a letter stating "I REQUEST TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN WEISSMAN V COLLECTO, INC." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's Counsel and to Class Counsel no later than fifteen (15) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals who timely and effectively request exclusion.

16. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than 14 days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel with the written notice of request for exclusion. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days

prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

17. All discovery and other proceedings in the Action are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

SO ORDERED:

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: January 6, 2020
      Brooklyn, New York