IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOSSON WEISSMAN,<br>on behalf of plaintiff and a class,<br><br>                              Plaintiff,<br><br>            vs.<br><br>COLLECTO, INC., d/b/a EOS CCA,<br><br>                              Defendant. | Case No. 1:17-cv-4402-PKC-LB |

**PETITION FOR, AND MEMORANDUM IN SUPPORT OF, AWARD
OF CLASS COUNSEL'S FEES AND COSTS**

Pursuant to the parties' settlement agreement in this case, Class Counsel respectfully requests approval of an attorney's fees award of $140,000.00.

Counsel for plaintiff, Nosson Weissman, ("Plaintiff") includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter. (Exhibit A, Declaration Tiffany N. Hardy).

**I.      OVERVIEW OF THE CASE**

Plaintiff, Nosson Weissman, commenced this class action against Defendant Collecto, Inc., d/b/a EOS CCA, on July 25, 2017 alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA") by sending initial form collection letters to Plaintiff and the class members on behalf of T-Mobile USA that directed the recipient to send all correspondence other than payment to T-Mobile, and not Collecto. At the summary judgment phase, this Court held that Collecto's collection letter violated §1692g of the FDCPA.  This Court also certified this case to proceed as a class action pursuant to Fed. R. Civ. P. 23.  (Dkt. No. 53).

1

Prior to reaching a class-wide settlement, the parties engaged in written and oral (party and non-party depositions) discovery concerning Plaintiff, the claims, the class, and Defendant's net worth. Moreover, the parties had fully briefed Plaintiff's Motion for Class Certification and Defendant's Motion for Summary Judgment, prior to engaging in meaningful settlement discussions. Additionally, the Parties participated in, and reached this class settlement during a settlement conference with the Honorable Lois Bloom. After reaching a class-wide settlement, the parties jointly drafted and finalized the settlement documents.

The class settlement class counsel negotiated provides a substantial benefit to the class members. The total amount of the class fund is $295,000.00 which will be distributed equally to members of the class who submit a valid claim form.

## II. PRELIMINARY APPROVAL

On January 6, 2020, this Court entered an order, granting preliminary approval to the parties' settlement (Dkt No. 79). Pursuant to the terms of the Settlement Agreement, Defendant Collecto, will pay:

1. Two-hundred and ninety-five thousand dollars ($295,000.00) for the establishment of a class settlement fund to be distributed equally to class members who submit a valid and timely claim form. Class Counsel estimates that between 10%-20% of the Class members will return a claim form, resulting in each class member receiving between $82.79 and $41.39 for a letter violation;

2. Five thousand dollars to Plaintiff and Class Representative Nosson Weissman for his actual and statutory damages and for his service as class representative. Plaintiff's recovery will be paid separately by the Defendant, and thus will not in any way diminish the class members' recovery;

3. The costs of class notice and administration. The costs of class notice and administration will be paid separately by the defendant and will not be deducted from the class fund;

4. Class Counsel's reasonable attorney's fees and costs as awarded by the Court, not to exceed $150,000.00. Class Counsel's attorney's fees and costs will be paid separately by the Defendant, and not deducted from the class fund, and as such will not in any way diminish the class members' recovery.

Pursuant to the Court's preliminary approval order, Class Counsel, Edelman Combs Latturner & Goodwin, LLC ("ECLG") and the Law Offices of Lawrence Katz ("Katz"), hereby petition the Court for an award of $140,000.00 for their attorney's fees and costs incurred in connection with this litigation, and as such submit this memorandum in support of their petition. As of the date of filing, ECLG alone has spent over 285 hours and expended over $110,000.00 in litigating this action, of which $104,865.50 are attorney's fees and $5,813.08 are costs (Appendix G, to Exhibit A). This does not include the time and costs expended by the Law Office of Lawrence Katz, wherein Mr. Katz has spent 78 hours and expended $42,900.00 in attorney's fees litigating this action. Here, Class Counsel's lodestar exceeds the amount of the fee award. (Exhibit B)

### III. CLASS COUNSEL'S PETITION FOR $140,000.00 IN FEES AND COSTS IS FAIR AND REASONABLE

Class Counsel's petition for $140,000.00 in fees and costs is fair and reasonable. The FDCPA allows Class Counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

Section 1692k of the FDCPA provides for reasonable attorneys' fees and costs to a plaintiff who brings a successful action under the Act. Here, Class Counsel's work and expertise advanced the litigation on behalf of Plaintiff and the class members resulting in (1) the District Court granting Plaintiff's Motion for Class Certification and (2) the District Court granting summary judgment in favor of Plaintiff and the Class. Plaintiff and Class Counsel remained committed to pursuing the case on behalf of the class despite efforts by the defendant to resolve the case on an individual basis only (Dkt No. 29). "In awarding attorney's fees, especially in the

context of a class action, a court must ensure that the interest of the class members are not subordinate to the interests of . . . class counsel." *Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 60 (W.D.N.Y. 2018). Here, the class members' recovery was negotiated during a settlement conference with the Honorable Lois Bloom and in advance of the filing of Class Counsel's fee petition. As such, Class Counsel's attorney's fees will not be deducted from the class settlement fund, and thus comes at no cost to the class.

Further, in an effort to resolve the case promptly without protracted litigation, Class Counsel tender to Defendant a classwide settlement demand in December 2017 immediately upon receiving Defendant's discovery responses setting forth class size information.

In the Second Circuit, the lodestar approach governs the initial estimate of reasonable attorney's fees and is typically applied in fee-shifting cases such as FDCPA cases. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *Torres v. Toback, Bernstein & Reiss LLP*, No. 11-CV-1368 (VVP), 2017 WL 281878, at *2 (E.D.N.Y. Jan. 23, 2017). The lodestar method multiplies hours reasonably expended against a reasonable hourly rate. In determining the reasonableness of the hours expended a key inquiry is whether at the time that the work was performed, a reasonable attorney would have engaged in similar time expenditures. *Reiter v. Metro. Transp. Auth. Of State of N.Y.,* 2007 WL 2775144 (S.D.N.Y. 2007). "A reasonable rate is generally the prevailing market rate for counsel of similar experience and skill to the fee applicant's counsel." *Local 1180, Communications Workers of America, AFL-CIO, v. City of New York*, 392 F.Supp.3d 361, 377 (S.D. N.Y. Aug. 7, 2019).

In determining the reasonableness of attorney's fees courts in this Circuit also look to (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the quality of the representation;

(6) the requested fee in relation to the settlement; and (7) public policy considerations. *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). Courts in this Circuit also look to the degree of success obtained by the plaintiff. *Local 1180 citing Williams v. Epic Sec. Corp.,* 368 F. Supp. 3d 651 (S.D.N.Y. 2019).

Here, the amount of attorney's fees sought by Class Counsel is less than Class Counsel's lodestar. With respect to the magnitude and complexities of the litigation, although this case involved a FDCPA letter violation, class action lawsuits are inherently complex. Although Plaintiff believed he would prevail on the merits of his claims, there was an inherent risk in whether the Defendant would succeed on its asserted defenses. Class Counsel has extensive experience in consumer class action litigation and used its collective skills and experience to bring about a favorable result for the Class such as the class being certified and summary judgment being granted in favor of Plaintiff and the Class and against the Defendant. Class Counsel's fee request does not in any way impact the class members recovery as such the fee request satisfies the sixth *Goldberger* factor. Lastly, Class Counsel's fee request is reasonable and thus not contrary to public policy.

To date, ECLG alone has incurred $110,678.58. in fees and costs. The Law Office of Lawrence Katz has incurred $42,900.00 in fees and costs. In total Class Counsel has incurred $153,578.58 in fees and costs which exceeds the fee award of $140,000.00 sought herein. In the exercise of billing judgment, Class Counsel petitions the Court for an award of $140,000.00. Moreover, Class Counsel will incur additional fees and costs responding to class members calls and inquiries, preparing a final approval memorandum and appearing at the Fairness Hearing.

**A.     The Time Class Counsel Expended On Litigating This Case Was Reasonable**

To date, Class Counsel has expended more than 363 hours litigating this case. ECLG expended a total of 285 hours and Katz expended a total of 78 hours.  Most of those hours were expended on the following tasks:

**1.     Pre-Complaint Legal and Factual Investigation**. Class Counsel began conducting a factual and legal investigation of the Plaintiff's claims in June 2017 when preparing to file the complaint. This investigation included an investigation of the Defendant. The investigation also included a review of the Plaintiff'' documents, case law and its application to the facts at issue, as well as any potential defenses that Defendant might raise.

**2.     Complaint**. Once the initial factual and legal research had been completed, Class Counsel drafted, prepared, and filed the initial complaint.   Additionally, Class Counsel engaged in correspondence with Plaintiff at the inception of the case and throughout.

**3.     Discovery**. Class Counsel issued written discovery requests to Defendant. Class Counsel assisted Plaintiff in answering Defendant's written discovery requests.  Class counsel exchanged numerous emails and letters with counsel for Defendant as well as engaged in telephone conferences pursuant to Fed. R. Civ. P. 37.  Moreover, Class Counsel drafted and prepared a pre-motion letter to the court concerning the parties' discovery disputes.  Class Counsel also prepared a response to Defendant's pre-motion letter to the Court concerning the timing of the Plaintiff's motion for class certification and Defendant's motion for summary judgment.  Class Counsel defended the deposition of Plaintiff.  Class Counsel also deposed a witness identified and produced by Defendant, as well as a non-party witness for T-Mobile.

**4.     Motion Practice.**  Class Counsel drafted and filed a well-researched motion for Class Certification.  Additionally, Class Counsel drafted and filed a well-researched

response in opposition Defendant's motion for summary judgment. After the Court granted Plaintiff's Motion for Class Certification, Plaintiff's counsel drafted and filed a motion for leave to send a Notice of Pendency to the Class members, the motion also included a draft of the notice of pendency prepared by Plaintiff's counsel.

        **5.** **Settlement**. In accordance with the directives of the Court, Class Counsel prepared an *ex parte* settlement letter in advance of the scheduled settlement conference. Class Counsel accompanied by Plaintiff attended a settlement conference before the Honorable Lois Bloom. With the assistance of Magistrate Judge Bloom, the parties negotiated a class settlement. Thereafter, Class Counsel prepared the initial drafts of the class settlement documents. After the initial draft of the settlement documents were prepared, Class Counsel and counsel for Defendant engaged in numerous telephone conferences, email exchanges and revisions to the class settlement documents resulting in the finalized draft of documents that was filed in connection with Plaintiff's Preliminary Approval Motion.

The foregoing does not reflect all the work Class Counsel performed in litigating this case. It does not reflect all the conferences between and among Class Counsel, conferences between ECLG attorneys, communications between Class Counsel and Plaintiff, and sundry other tasks. Moreover, Class Counsel will incur additional fees and costs in wrapping up the case, including the drafting of a final approval memorandum, attendance at the fairness hearing, and responding to calls from class members when they receive notice of the settlement and their settlement checks (assuming the settlement is given final approval).

## IV. CONCLUSION

In light of the results achieved for class members, and the length of time and difficulty in achieving those results, an award of $140,000.00 to Class Counsel is fair and reasonable.

Respectfully submitted,

*/s/ Tiffany N. Hardy*
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 374-2118
(516) 544-8878 (FAX)
lkatz@lawkatz.com

## **CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on January 21, 2020 a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon all counsel of record.

                                            Respectfully submitted,

                                            */s/ Tiffany N. Hardy*
                                              Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)