UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOSSON WEISSMAN,
on behalf of plaintiff and a class,

                 Plaintiff,

- against -

COLLECTO, INC., d/b/a EOS CCA,

                 Defendant.

**ORDER**
17-CV-4402 (PKC) (LB)

**FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

This matter came for hearing on May 12, 2020, upon the joint application (the "Joint Motion") of Named Plaintiff Nosson Weissman and a class of persons similarly situated (collectively, "Plaintiff" or "Settlement Class Members"), and Collecto, Inc. ("Defendant"), for final approval of the Class Action Settlement Agreement, dated September 20, 2019 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein, and the absence of any objection to the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. On January 6, 2020, this Court preliminarily approved the Agreement for the claims alleged in the above-captioned matter, *Weissman v Collecto, Inc.*, Docket No. 17-cv-04402, filed in the United States District Court for the Eastern District of New York. The Court approved a form notice for mailing to the Class. The Court is informed that actual notice was sent by first-class mail to 35,630 individuals who are deemed Settlement Class Members.

1

2. Of the 35,630 Notices initially mailed, 4,571 Notices were returned as undeliverable. Notices returned as undeliverable by the U.S. Postal Service without a forwarding address were processed through address verification searches and re-mailed to updated addresses located via this process. Notices returned as undeliverable by the U.S. Postal Service with a forwarding address were re-mailed to that forwarding address identified by the U.S. Postal Service. As a result of the above efforts, a total of 3,170 Notices were re-mailed. Of the re-mailed Notices, 523 were returned by the U.S. Postal Service a second time. After March 13, 2020, the Class Administrator received 56 Notices returned as undeliverable by the U.S. Postal Service. These notices were not subjected to skip-tracing or re-mailed. Thus, it appears that notice of the settlement was successfully sent to 33,650 Settlement Class Members out of a total of 35,630.

3. The Class Administrator received a total of 1,357 claim form submissions. Of the 1,357 claim forms received, 1,272 were valid and timely claim form submissions, 31 were deficient due to the lack of a signature, and 52 were deemed untimely as they were submitted after the claim form submission deadline. Additionally, one claim form was rejected as it was submitted by a person who was not on the class list, and another claim form was rejected because it was duplicative of a separate approved claim form. The parties have agreed that the Settlement Class Members who submitted untimely or unsigned claim forms should be permitted to recover a *pro rata* share of the class fund, described in ¶ 16 below.

4. Only six (6) Settlement Class Members requested exclusion, and no Settlement Class Members submitted objections to the settlement.

5. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

6. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and the Settlement Class Members, and the Defendant.

7. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the Agreement's definition of Class Members, and fully met the requirements of New York law and due process under the United States Constitution.

8. The Court approves the settlement of the above-captioned action as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

9. Except as to any individual claims of Settlement Class Members who have requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Class Representative and Named Plaintiff Nosson Weissman and the Settlement Class Members, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

10. On January 17, 2019, this Court certified the following class: All persons in New York who on or after July 25, 2016, and on or before August 15, 2017, were sent an initial collection letter by Defendant in the form represented by Exhibit A to Plaintiff's Complaint.

11. On January 17, 2019, this Court found that the class met the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court held that:

    (a) The class is so numerous that joinder is impracticable.

    (b) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual members of the Class.

(c) Plaintiff's claims are typical of the claims of the class members.

(d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the class members.

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

12. Excluded from the Class are six (6) Settlement Class Members, who timely and validly requested exclusion.

13. Defendant will maintain a list of Settlement Class Members who are subject to the Release.

14. As of the date of this Final Order (the "Effective Date"), the Class Representative and each Settlement Class Member not opting out (collectively, the "Releasing Parties") do hereby release and forever discharge Defendant and its Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands of any kind whatsoever, known or unknown, direct or consequential, in law or in equity, which the Releasing Parties now have, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA, State fair debt collection laws, or any other claims or legal theories relating to or arising out of the subject matter of the Complaint. The releases in this paragraph include, but are not limited to, the Releasing Parties' unconditional release and discharge of the Released Parties from any claims raised or those which could have been raised in the Action, as well as any claims relating to, arising from, or in any way connected to the Defendant sending a letter directing the recipient to send all correspondence other than payment to T-Mobile, and not Collecto, as alleged in the Complaint. Notwithstanding the foregoing, the Agreement does not address the validity of the debts allegedly owed by the Class Representative or the Settlement Class Members. Nosson Weissman and the Settlement Class Members do not release their right

to dispute any alleged debt, or any part of the alleged debt. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

15. The Court approves payment of Five Thousand Dollars ($5,000.00) to Named Plaintiff Nosson Weissman, for his actual and statutory damages and for his service as class representative, as a monetary incentive award within thirty (30) days after the Effective Date.

16. The Court approves payment of Two Hundred and Ninety-Five Thousand Dollars ($295,000.00), for the establishment of a class fund to be distributed on a *pro rata* basis to the Settlement Class Members who submitted a valid claim form, as well as to those Settlement Class Members who submitted either untimely claim forms or claim forms that lacked a signature, as specified in ¶ 3 above. Defendant is to tender a check to the Settlement Administrator for Two Hundred and Ninety-Five Thousand Dollars ($295,000.00) within thirty (30) days after the Effective Date.

17. The Court has reviewed Class Counsel's petition for attorneys' fees and costs. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $107,500.00 to Class Counsel in accordance with the Agreement. Payment shall be made within thirty (30) days of the Effective Date.

18. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative

proceeding in any court, administrative agency, or other tribunal. The Agreement and/or this Final Order may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or the like.

19. The Court dismisses the claims of Named Plaintiff and Class Representative Nosson Weissman and the Settlement Class Members against Defendant without prejudice and without costs.

20. Within thirty (30) days after the Effective Date, Defendant shall make all payments required by the Agreement.

21. Within forty-five (45) days of the Effective Date, the Settlement Administrator shall cause checks to be issued and delivered to the Settlement Class Members who submitted valid claim forms and the late and unsigned claim forms specified in ¶¶ 3 and 16 above.

22. If any Settlement Class Member fails to cash a settlement check within ninety (90) days of mailing ("Void Date"), the check will be void, Defendant shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits in this action and pursuant to the Agreement shall be deemed forfeited.

23. The Court designates Brooklyn Law School – Legal Clinic, 111 Livingston Street, 20th Floor, Brooklyn, New York 11201 as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award within thirty (30) days of the Void Date.

24. When all of the following have been completed: (i) payment to the Class Representative, (ii) payment to the Settlement Class Members who submitted valid claim forms (including the untimely and unsigned claim forms), (iii) the expiration of fifty (50) days after the Void Date, (iv) payment of attorney's fees, and (v) payment of the *cy pres* award, Defendant or Defendant's

Counsel shall file a "Notice of Compliance" that it has complied with the Terms of the Agreement and that all Settlement Class Members who are entitled to receive checks have been issued checks, and that any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, Brooklyn Law School – Legal Clinic. The Notice of Compliance will request that the Court convert the dismissal of the claims of the Class Representative and Named Plaintiff Nosson Weissman and the Class against Defendant and the Released Parties in this Final Order to a dismissal with prejudice.

25. The Court reserves exclusive and continuing jurisdiction over this action, Named Plaintiff and Class Representative Nosson Weissman, the Class, and the Released Parties for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Agreement and this Final Order and Judgment.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 13, 2020
       Brooklyn, New York